IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION

MARIE G. ZEVALLOS,

    Plaintiff,

v.

    Case No: _____

STELLAR RECOVERY, INC.,

    *Defendant.*

## COMPLAINT

COMES NOW the Plaintiff, MARIE G. ZEVALLOS, ("**Ms. Zevallos**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, STELLAR RECOVERY, INC., ("**Stellar**"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Zevallos against Stellar for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and Section 34.01, Florida Statutes.

3. Stellar is subject to the provisions of the FDCPA and is subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Polk County because the acts complained of were committed and / or caused by Stellar within the County.

## PARTIES

5. Ms. Zevallos is a natural person residing Polk County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Stellar is a Florida corporation, with a primary business address of 4500 Salisbury Rd., Suite 105, Jacksonville, FL 32216.

7. The Florida Registered Agent for Stellar is Brant Abraham Reiter McCormick & Johnson, 50 North Laura Street, Suite 2750, Jacksonville, FL 32202.

8. Stellar is a debt collector pursuant to 15 U.S.C. § 1692a(6) in that it regularly collects or attempts to collect, directly or indirectly, consumer debts originally due to another entity.

9. Stellar holds Florida Office of Financial Regulation consumer collection agency license number **CCA9901462**. **SEE PLAINTIFF'S EXHIBIT A.**

## FACTUAL ALLEGATIONS

10. Sometime on or about May 2010, Ms. Zevallos incurred a debt to Comcast, a cable television provider, for home cable television services ("**debt**").

11. The debt arose from services which were primarily for family, personal or household purposes, and meet the definition of "debt" under 15 U.S.C. § 1692a(5).

12. On or about December 29, 2012, Comcast transferred or otherwise assigned the debt to Stellar for collection.

13. Around March 2013, Stellar began reporting the debt to two credit reporting agencies ("**CRAs**"), Trans Union and Experian. **SEE PLAINTIFF'S EXHIBITS B and C.**

14. Stellar reported that the original amount of the debt was $142, the current balance was $142, but that $296 was "past due." **Id.**

15. Despite the logical fallacy of Stellar's reported information, Experian and Trans Union published the information in credit reports regarding Ms. Zevallos.

16. Ms. Zevallos' Experian consumer disclosure reveals that Stellar re-reported the debt at least four more times: in March, April, November, and December 2015. **SEE PLAINTIFF'S EXHIBIT B.**

17. Ms. Zevallos' Trans Union consumer disclosure reveals that Stellar re-reported the debt in December 2015. **SEE PLAINTIFF'S EXHIBIT C.**

18. Ms. Zevallos first discovered the Stellar tradeline in February 2016 when she applied for a home loan.

19. Despite reporting obviously-false information for three years to the CRAs, no self-implemented policy by Stellar detected that it was reporting information to CRAs which could not possibly be true.

20. Stellar knew, or should have known, it was communicating information which was false to the CRAs, since the past-due portion of a debt cannot exceed the total current amount owed.

21. Many commercially-used credit scores consider the balance of a collection account relative to the initial collection balance. Thus, a collection tradeline which purports that the collection balance is more than double the original amount would have a more severe impact on a consumer's credit standing.

22. Reporting a debt to a CRA is an attempt to collect the debt alleged therein.

23. Stellar's credit reports to the CRAs are "communications" as defined by 15 U.S.C. § 1692a(2).

24. Ms. Zevallos has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

25. Ms. Zevallos adopts and incorporates the above-numbered paragraphs 1 - 24 as if fully stated herein.

26. Stellar's conduct violated 15 U.S.C. § **1692e(2)(a)** in that Stellar made a false representation about the nature and amount of a debt, when it reported the current balance of a debt was $142, and that there was a $296 "past due" balance, since a past due amount cannot exceed the total current amount due.

27. Stellar's conduct violated 15 U.S.C. § **1692e(8)** in that Stellar communicated credit information known to be false, to wit: that the current balance of a debt was $142, and yet – somehow – there was a $296 "past due" balance.

28. Stellar's conduct violated 15 U.S.C. § **1692e(10)** in that Stellar made a false representation about a debt, when it reported the current balance of a debt was $142, and that $296 was "past due," since a past due amount cannot exceed the total current amount due.

29. Stellar's conduct renders it liable for the above-stated violations of the FDCPA, and Ms. Zevallos is thereby entitled to statutory damages not to exceed $1,000.

**WHEREFORE,** Ms. Zevallos respectfully requests this Honorable Court enter judgment against Stellar for:

a. Statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

 d. Such other relief that this Court deems just and proper.

Respectfully submitted this 22nd day of April, 2016, by:

> */s/ Christina M. Cowart*
> Christina M. Cowart
> Florida Bar # 27644
> Seraph Legal, P.A.
> 2002 E. 5th Avenue, Suite 104
> Tampa, FL 33605
> (813) 567-1230
> ccowart@seraphlegal.com
> Attorney for Plaintiff